**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

LASLANDRA R. BARNES,

Plaintiff,

v. No. 23-cv-02632-JPM-cgc

METHODIST LE BONHEUR HEALTHCARE et at,

Defendants.

---

**REPORT AND RECOMENDATION**

---

Before the Court, by way of Administrative Order 2013-05,[1] is the Motion to Dismiss filed by Defendants Methodist Le Bonheur Healthcare and Tim Slocum ("Defendants") on October 11, 2023. (D.E. # 6) Local Rule 12.1 provides that "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served." To date, Plaintiff has not filed a response to the motion[2].

On March 6, 2024, an order to show cause (D.E. # 11) was entered directing Plaintiff to show cause prior to the close of business on March 20, 2024 as to why the Court should not grant Defendants' Motion to Dismiss. To date, no response to the Order to Show Cause has been

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[2] Plaintiff did file a document captioned "Affidavit" which corrected her middle initial but did not otherwise address the substance of the motion to dismiss. (D.E. # 9)

filed[3]. Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 11, PageID 30)

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case. There has been no meaningful activity by Plaintiff since she filed the Complaint on October 4, 2023. The Defendants have been prejudiced in that they have taken steps to further the case despite plaintiff's inaction. As to the third and fourth factors, it is recommended that they weigh

[3] A second 'Affidavit' was filed on March 25, 2024 which does not address the issues raised in the Motion to Dismiss. (D.E. # 12)

heavily against the Plaintiff. The Motion to Dismiss and Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint against Methodist Le Bonheur Healthcare and Tim Slocum be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power and that the Motion to Dismiss be DENIED AS MOOT.

Signed this 22nd day of April, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**