IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LASLANDRA R. BARNES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> METHODIST LE BONHEUR ) <br> HEALTHCARE, IVORY COBOLT, ) <br> TRAVIS WILLIAMS, SHEVITTA ) <br> COLLINS, and TIM SLOCUM, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 2:23-cv-2632-JPM-cgc |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CLAXTON AND DISMISSING CASE**

Before the Court is Defendants' Motion to Dismiss. (ECF No. 6.) Because Plaintiff Laslandra A. Barnes is proceeding *pro se*, this case was referred to Magistrate Judge Charmaine G. Claxton for all pretrial matters. See 28 U.S.C. §§ 631-39. On April 22, 2024, Magistrate Judge Claxton issued a Report and Recommendation that Defendants' Motion to Dismiss be granted. (ECF No. 14.) For the reasons discussed below, the Court **ADOPTS IN PART** the Report and Recommendation and **GRANTS** Defendants' Motion to Dismiss.

I.     BACKGROUND

Plaintiff initially filed her Complaint in the Circuit Court of Shelby County, Tennessee on August 25, 2023. (ECF No. 1-3.) Plaintiff's Statement of Claim raises an employment claim against Methodist Le Bonheur, stating that after being employed "at Methodist Le Bonheur . . . for

about [four] and a half years I was fired [on] March 31[,] 2023." (ECF No. 1-3 at PageID 24.) Ms. Barnes states that although she kept rooms clean to company expectations, "applied for a lead position" on January 26, 2023, and her application "move[d] forward" on January 26, she was not promoted. (Id.) Despite this, she states that when she asked to move to the morning shift, nothing happened. (Id.) Instead, in February, she "received [her fifth] write up for attendance . . . [from] Travis Will[iam]s[,]" her Second Shift manager. (Id.) Ms. Barnes alleges that her write ups were incorrect and were retaliatory because she had reported Mr. Wills and Sevitta Collins to "corporate." (Id.) Ms. Barnes alleges that Ms. Collins found her asleep in an office area in March, and a week later she was taken to Human Resources and fired.[1] (Id.) Ms. Barnes does not specify an amount she seeks in damages, but identifies as relief sought compensation for loss of pay, emotional suffering, and loss of a five-year award for which she may otherwise have been eligible. (ECF No. 1-3 at PageID 25.)

Defendants filed a Notice of Removal on October 4, 2023. (ECF No. 1.) Defendants argue that, although Ms. Barnes filed in Circuit Court and does not identify a federal statute on which she bases her claim, she is alleging race discrimination under Title VII.[2] (ECF No. 1 at PageID 4.) On October 11, Defendants filed their Motion to Dismiss. (ECF No. 6 at PageID 40.) Defendants' Motion to Dismiss argues that Plaintiff failed to effectuate service on two of the

---

[1] Ms. Barnes' complaint also notes that at the time Ms. Collins found her asleep, the company did not have enough employees to meet the required workload, and that she "had a bad migraine headache," took an Advil PM, and sat down for a minute because she was "off the clock." (ECF No. 1-3 at PageID 24.)
[2] Defendants base their assessment on, *inter alia*, the fact that Ms. Barnes previously filed a Charge of Discrimination against Defendants under Title VII and included her EEOC "Right to Sue" letter in her filing, that Ms. Barnes filed her Complaint on a form from the U.S. District Court, not the Shelby County Circuit Court, and the use of the term "retaliation." (ECF No. 1 at PageID 5.) As discussed below, neither the Complaint nor the Notice of Removal mention Ms. Barnes' membership in a protected class.

Defendants and Plaintiff's complaint fails to state a claim with enough particularity to satisfy Federal Rule of Civil Procedure 12(b)(6).

Ms. Barnes filed an Affidavit on October 25 "on the Motion [to] Dismiss." Ms. Barnes states that her middle initial is incorrect on Defendants' filings and corrects the spelling of Ms. Slocum's name, stating that she "was not sure of what the President [and] CEO of the Hospital['s] last name [was] at the time of [her] fil[ing] [her] court order." (ECF No. 9.) Ms. Barnes also stated that she "want[s] her case to be heard by a judge and file emergency appeals." (Id.) On November 8th, 2023, Defendants filed a Reply, arguing that because Ms. Barnes did not address "any of the grounds for dismissal detailed in Methodist's Motion to Dismiss and accompanying Memorandum in Support . . . Plaintiff has not rebutted any of the grounds for dismissal [and] Plaintiff's case should be dismissed with prejudice." (ECF No. 10 at PageID 65.)

On March 6, 2024, Magistrate Judge Claxton issued an Order to Show Cause, stating that Plaintiff had not filed a response to Defendants' Motion (given the lack of substantive response in Plaintiff's Affidavit), and ordered Plaintiff to show cause within fourteen days why the Court should not recommend that the District Court enter an Order granting the Motion. (ECF No. 11 at PageID 67.) The time to respond to the Order to Show Cause expired on March 20, 2024. On March 25, 2024, Ms. Barnes filed a second Affidavit, which stated that Ms. Barnes "want[ed] to File an Objection against the Defendant." In the second Affidavit, Ms. Barnes provides slightly more detail on her initial complaint, alleging that Defendants were consistently understaffed, that she requested to go part time and/or move to a morning shift, but was not granted another shift "because of staffing." (ECF No. 12 at PageID 69.) Ms. Barnes also provides more detail on her application for the lead position, which she feels was unfairly granted to "another young lady [despite the fact that her] application had already been processed and moved forward." (Id.) She

3

states that she "went to corporate several times about management [but] nothing [was] done about the situation," "sens[ed] retaliation[,]" and felt that her employers were unprofessional in letting her hear about her imminent firing from other employees. (Id.) Defendants responded to this Affidavit on April 2, 2024, writing that it failed to cure the deficiencies in Plaintiff's initial complaint, that Plaintiff's Complaint should be dismissed for failure to prosecute, and that to the extent Plaintiff's affidavit attempts to allege age-based discrimination, it also fails to meet the standard set by Federal Rule 12(b)(6). (ECF No. 13.)

The Magistrate Judge filed a Report and Recommendation on April 22, 2024, recommending the case be dismissed for Plaintiff's failure to prosecute. (ECF No. 14 at PageID 80.) Rule 72 of the Federal Rules of Civil Procedure requires objection to a Report and Recommendation within fourteen (14) days of its filing. FED. R. CIV. P. 72. On May 9, 2024, after the Rule 72 deadline had elapsed, Ms. Barnes filed a signed statement which reads in full: "I, Laslandra R. Barnes, want to file an objection to the report and recommendation. I want my case to be heard by a Judge." (ECF No. 83 (cleaned up).)

II.     ANALYSIS

a.  *Standards Applicable to* Pro Se *Plaintiffs*

In general, *pro se* plaintiffs are afforded a more liberal pleading standard than those who are represented by Counsel. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); Williams v. Curtain, 631 F.3d 380, 383 (6th Cir. 2011). This liberalization, however, has limits: *pro se* plaintiffs "are not automatically entitled to take every case to trial." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The more liberal pleading standard is not grounds for treating a *pro se* plaintiff differently than a represented plaintiff when they repeatedly ignore deadlines. As the Sixth Circuit has noted,

4

"[w]here . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Id. (citing Jourdan, 951 F.2d at 110).

    b. *Lack of Prosecution*

        i. Objection

"When no timely objection is filed, the court need not only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Note; see also Thomas v. Arn, 474 U.S. 140, 150 (1985). Here, however, Ms. Barnes filed an untimely statement that "I . . . want[] to file an objection to the report and recommendation and [] want my case to be heard by [a] judge." (ECF No. 15.)

A district judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Parties who receive notice of the need to timely object but fail to do so waive review of the district court's order adopting the magistrate judge's recommendations. Mattox v. City of Forest Park, 183 F.3d 515, 519-20 (6th Cir. 1999). Objections which do not pinpoint the sections of the magistrate judge's report with which they disagree, or which only generally object, are not considered an objection. An "objection" that only disagrees, "without explaining the source of the error," is not considered a valid objection. Lee v. Moneygram Corporate Office, 2017 WL 41611108 (E.D. Mich. Sept. 20, 2017) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

Here, Ms. Barnes did not file a timely objection, submitting her affidavit days after the expiration of the deadline. Her objection is not valid, as it does not identify any mistake or source of disagreement with the magistrate judge's report and recommendation. Accordingly, the Court

does not consider Ms. Barnes to have filed a timely objection, and reviews the Magistrate Judge's report and recommendation for clear error.

        ii. Report and Recommendation

The Magistrate Judge's report and recommendation recommends dismissal for failure by the Plaintiff to prosecute her claim. Magistrate Judge Claxton wrote that Plaintiff failed to timely reply or seek extension within 28 days of Defendants' Motion to Dismiss, and failed to timely respond to Magistrate Judge Claxton's Order to Show Cause why the Court should not grant Defendants' Motion to Dismiss. (ECF No. 14.) Magistrate Judge Claxton then wrote:

> Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. #11, PageID 30). If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 732 (1962); Bouwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir. 1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords plaintiff a reasonable period of time to comply with orders before the dismissal occurs[.] See Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988); Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972) (per curiam).
>     In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether a party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. Id. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case. There has been no meaningful activity by Plaintiff since she filed the Complaint on October 4, 2023. The Defendants have been prejudiced in that they have taken steps to further the case despite plaintiff's inaction. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Motion to Dismiss and Order to Show cause made it clear that dismissal was under consideration by the Court. Plaintiff has ignored the Court's order and failed to meaningfully participate in he case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

(ECF No. 14 at PageID 81-82.) The Court disagrees that the fourth Knoll factor weighs against Plaintiff where nothing in the record demonstrates other sanctions were considered, and with the

characterization of Plaintiff's second affidavit as "no meaningful activity" where it provided further detail that a *pro se* plaintiff may have believed to be partially responsive to the motion to dismiss.  However, these disagreements do not lead to a finding of error given that no single Knoll factor is outcome dispositive.

There is evidence in the record that Plaintiff's failure is due to willfulness and bad faith. *Pro se* plaintiffs are not given liberal leeway to ignore the schedule set by the Court. Plaintiff failed to file a single response by the date set by the Magistrate Judge, despite clear articulation of the deadlines and the consequences for not meeting them. Additionally, Plaintiff's filing in response to the Report and Recommendation states that, despite the orders entered by Magistrate Judge Claxton, she "want[s] [her] case to be heard by [a] judge."  (ECF No. 16; see also ECF No. 9.) The Court finds that this shows her failure to comply with the orders of Magistrate Judge Claxton are not only willful, but are likely in bad faith—written filings before a Magistrate Judge are opportunities to be heard, and Plaintiff has failed to take advantage of these opportunities to prosecute her case.

For the reasons discussed above, the Court **ADOPTS** the report and recommendation except for the two findings discussed above.

    c. *Failure to State a Claim*

Even if Ms. Barnes had timely pursued her case before the Magistrate Judge, the Motion to Dismiss should have been granted.  Under the liberal pleading standard used to assess *pro se* complaints, unrepresented parties' pleadings still must satisfy Rule 12(b)(6).  Harris v. United States, 2023 WL 4530852 at *1 (N.D. Ohio July 13, 2023) (citing Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010)).  "Courts need not conjure unpleaded facts or construct claims on behalf

of *pro se* plaintiffs." Id. (citing Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008); Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001)).

Ms. Barnes' complaint alleges only that her five write-ups for attendance may have been in retaliation for her complaints to corporate about Mr. Williams and Ms. Collins. (ECF No. 1-3 at PageID 24.) Even construing her complaint in light of subsequent affidavits, she does not specify what her complaints to management were about,[3] let alone allege that they constituted protected activity. Even if her firing was in retaliation for her complaints to management, complaints to management are only protected by Title VII when they "oppos[e] [a] practice that the employee reasonably believes to be a violation of Title VII," and "go beyond a 'vague charge of discrimination.'" Arredondo v. Beer Barrell Inc., 645 F.Supp.3d 73, 754 (citing Johnson v. Univ. of Cincinnati, 215 F.3d 561, 579 (6th Cir. 2000); Jackson v. Genessee Cnty. Rd. Comm'n, 999 F.3d 333, 344-45 (citing Niswander v. Cincinnati Ins. Co., 529 F.3d 714, 721 (6th Cir. 2008)) (quoting Yazidian v. ConMed Endoscopic Techs., Inc., 793 F.3d 634, 645 (6th Cir. 2015))). Complaints about unfair treatment in general, without a specific complaint of discrimination, is not protected activity. Id. (citing Barber v. CSX Distribution Servs., 68 F.3d 694, 701 (3d Cir. 1995)).

Ms. Barnes' complaint does not contain any charge of discrimination. She does not mention any protected characteristic, detail any allegedly protected activity, or even state what activity she engaged in that led to alleged retaliation, or whether the alleged retaliation was the write-ups or the firing. Likewise, Ms. Barnes' complaint does not raise a claim for discrimination on the basis

---

[3] Indeed, even her more detailed affidavit is unclear as to whether they were about the alleged short-staffing issues, not being permitted to change shifts or go part-time, not being promoted, or another unlisted complaint. Neither the affidavit nor the complaint specifies whether Ms. Barnes complained to the management of her employer, HHS, or to the management of Defendant Methodist Le Bonheur Healthcare.

8

of any protected characteristics (and does not mention disparate treatment, or even her race), breach of contract, any tort, or any other discernable legal claim. Even Defendants' opposition to Ms. Barnes' complaint required that they "construct[] claims on behalf of [a] *pro se* plaintiff" in order to oppose those claims. Harris, 2023 WL 4530852 at *1; (ECF Nos. 6, 13.) While Ms. Barnes may have been harmed by her firing, and may have faced unfair treatment, these allegations are not enough, on their own, to support a legal claim against Defendants. Even under the liberal pleading standard for *pro se* plaintiffs, Ms. Barnes has not stated a claim under which relief can be granted by a court.

III.   CONCLUSION

The Court **ADOPTS** the Report and Recommendation as set out on page 7. Furthermore, because Ms. Barnes' filings fail to state a claim under which relief can be granted as well as having failed to meaningfully prosecute her claim, this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 28th day of May, 2024.

                                          */s/ Jon P. McCalla*
                                          JON P. McCALLA
                                          UNITED STATES DISTRICT JUDGE